UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FERRARI WELCH,** | **2:26-CV-10956-TGB-DRG** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 2), SUMMARILY DISMISSING COMPLAINT (ECF NO. 1), AND DISMISSING AS MOOT MOTION FOR DECLARATORY RELIEF (ECF NO. 5)** |
| **MATTHEW J. STEWART,** | |
| Defendant. | |

Plaintiff Ferrari Welch, proceeding pro se, brings this lawsuit against Defendant Matthew J. Stewart, Circuit Court Judge for the 35th Circuit in Shiawassee County, Michigan. Welch seeks monetary, declaratory, and injunctive relief against Judge Stewart under the Fifth and Fourteenth Amendments to the United States Constitution. ECF No. 1. She has also filed what she purports to be an application to proceed in forma pauperis ("IFP"), ECF No. 2, as well as a motion she entitled "Motion for Declaratory Relief and Judicial Disqualification in Related Proceeding." ECF No. 5. This case is before the Court for a review of Plaintiff's application to proceed IFP and an initial review of the Complaint.

For the reasons stated below, Plaintiff's application to proceed as a pauper will be **DENIED** and the Complaint will be **DISMISSED.** Plaintiff's remaining motion will be **DISMISSED AS MOOT.**

## I.      APPLICATION TO PROCEED AS A PAUPER

Welch has filed an application to proceed without paying fees. ECF No. 2. However, the document she filed is a state court "Fee Waiver Request" and not an "Application to Proceed in District Court Without Prepaying Fees or Costs." *See* Form AO240, https://www.mied.uscourts.gov/PDFFIles/Application_IFP_Fillable.pdf. In the Fee Waiver Request, Welch represents only that she requests a waiver because her "gross household income is $300 every two weeks." *See id.* Welch fails to provide other information required under the proper District Court IFP Application, including (1) the amount of money she has in cash or a checking or savings account, (2) any assets she own such as "[a]ny automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value," (3) any monthly expenses such as "housing, transportation, utilities, or loan payments," (4) names of all persons dependent on her, and (5) any debts or financial obligations. *See* Form AO240.

Section 1915 of Title 28 of the United State Code provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security

2

therefor." 28 U.S.C. § 1915(a)(1). Proceeding IFP is "a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). "In determining IFP eligibility, 'courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess.'" *Cognetto v. Comm'r of Soc. Sec.*, No. 14-10006, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014) (Roberts, J.) (citation omitted).

Welch's IFP application does not support her claim of hardship. She fails to report any other property or assets she may possess, or any debts or other financial obligations that would affect her ability to pay the filing fee in this case. Under these circumstances, the Court will **DENY** her IFP application. *See Miles v. Blinken*, No. 24-13326, 2024 WL 7007182, at *1 (E.D. Mich. Dec. 19, 2024) (Berg, J.) (denying IFP application that failed to report necessary information as to the plaintiff's income and debts). And because, as discussed next, Welch's Complaint is subject to summary dismissal, the Court will not direct Welch to amend her IFP application.

## II.    INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

Because Welch's IFP application is denied, the Court cannot screen her Complaint under 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Nevertheless, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter

3

jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open for discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). "A complaint 'is frivolous when it lacks an arguable basis either in law or in fact.'" *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "A complaint lacks an arguable or rational basis in law 'if it is based on legal theories that are indisputably meritless.'" *Id.* (quoting *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000)). Where a plaintiff seeks relief from a defendant who is immune from suit, the claims lack merit. *Berry v. Ludington*, No. 16-10395, 2016 WL 6158964, at *2 (E.D. Mich. Oct. 24, 2016) (Lawson, J).

When deciding whether a complaint is subject to summary dismissal—whether under Rule 12(b)(1) or § 1915—a court must be mindful that "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings[,]" *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and "the allegations of [a] pro se complaint[ are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet a complaint is insufficient to survive summary dismissal where it is based on nothing more than speculation or imagination.

Further, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ...." Fed. R. Civ. P. 8(a).

In her Complaint, Welch asserts that she is a party to a family court proceeding before Judge Stewart in the Shiawassee County Circuit Court. ECF No. 1, PageID.1. She alleges that she was "not properly served with process in accordance with applicable court rules governing service," and "[d]espite the absence of proper service, the court exercised authority over [her] and proceeded with the case." *Id.* PageID.1–2. She asserts she "raised objections regarding insufficient service and lack of jurisdiction" but "[t]he proceedings nevertheless continued without resolving the jurisdictional defect." *Id.* PageID.2. Welch purports to assert claims against Judge Stewart under 42 U.S.C. § 1983 for violation of her due process rights under the Fourteenth Amendment, and that "[t]he continued exercise of authority despite unresolved jurisdictional defects creates an ongoing constitutional violation." *Id.* She asks the Court to "[d]eclare that proceeding against a party without proper service violates the Due Process Clause of the Fourteenth Amendment," "[e]njoin continued enforcement of orders entered without proper jurisdiction, to the extent permitted by law," and $5 million in damages. *Id.*

Welch's Complaint must be dismissed because Judge Stewart is entitled to absolute immunity from Welch's claims, including her request for declaratory and injunctive relief. Judges are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (explaining that "generally, a judge is immune from a suit for money damages"). Judicial immunity attaches so long as the act complained of was a judicial act (*i.e.*, a function normally performed by a judge while dealing with the parties in his judicial capacity) and was not taken in the "complete absence of all jurisdiction." *See id.* at 11–12; *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967); *Stump v. Sparkman*, 435 U.S. 349, 356–62 (1978). The Supreme Court has articulated a two-prong test to determine whether an act is "judicial" in nature. *Stump*, 435 U.S. at 362. The Court must first consider whether the act is one that is "normally performed by a judge," and second, whether the parties dealt with the judge in his or her judicial capacity. *Id.*; *Mireles*, 502 U.S. at 11–12. And a judge acts in the "complete absence of all jurisdiction" only if a matter was clearly outside the court's subject matter jurisdiction." *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump,* 435 U.S. at 359.

Welch's Complaint alleges that Judge Stewart's complained-of conduct was taken in the course of his official judicial duties—exercising

6

jurisdiction over Welch in state court and proceeding with resolving the state court action—and she does not allege that the actions were clearly outside the court's subject matter jurisdiction. *See* ECF No. 1. The Shiawassee County Circuit Court is a trial court of general jurisdiction and is given "original jurisdiction in all matters not prohibited by law" by the Michigan Constitution. Mich. Const. Art. VI, §§ 1, 13. Because Judge Stewart had subject matter jurisdiction over the state court suit, all of his actions taken to adjudicate that case were within the court's jurisdiction. Welch's allegations of improper service in the state court action and a claimed lack of personal jurisdiction over her "do[] not abrogate judicial immunity." *Maben v. Terhune*, No. 16-1025, 2016 WL 9447153, at *3 (6th Cir. Aug. 19, 2016); *see also Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000) ("When … a court with subject matter jurisdiction acts where personal jurisdiction is lacking, judicial and prosecutorial absolute immunity remain intact."). Consequently, Judge Stewart is entitled to absolute immunity from Welch's claims.

Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to apply to requests for injunctive or equitable relief "unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; *Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012) (plaintiff's "claim for injunctive relief fails because 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity … unless a

declaratory decree was violated or declaratory relief was unavailable.'") (citing 42 U.S.C. § 1983). Here, Welch has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. Accordingly, Judge Stewart is entitled to the full protection of absolute judicial immunity and the Court must therefore dismiss Welch's claims in this action against Judges Stewart.

Further, to the extent Welch asks this Court to direct Judge Stewart's future handling of the state court case or overrule any decisions Judge Stewart may have already made in that case, the Court lacks jurisdiction to do so. *See Wabeke v. Mulder*, 103 F. App'x 566, 567–68 (6th Cir. 2004) ("Upon review, we conclude that the district court properly dismissed Wabeke's complaint for lack of subject matter jurisdiction. Because Wabeke's complaint merely reflected his dissatisfaction with the permanent injunction issued by the state court regarding his filing of further litigation and essentially sought federal court review of that state court order, the *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction.").

### III.  CONCLUSION

For all the reasons stated above, Plaintiff's request to proceed in forma pauperis is **DENIED** and her Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Declaratory Relief and Judicial Disqualification in Related Proceeding," ECF No. 5, is **DISMISSED AS MOOT**.

This is a final order and closes the case.

**IT IS SO ORDERED.**

Dated: April 2, 2026        /s/Terrence G. Berg
                            HON. TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE